UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

                Plaintiff,

      v.

KING COUNTY, et al.,

                Defendants.

CASE NO. 2:23-CV-853-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 7, 2023

       The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff Teklemariam Daniel Hagos's[1] Declaration and Application to Proceed *In Forma Pauperis* ("Motion") and proposed complaint. Dkts. 1, 1-1. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 1) be denied and Plaintiff be directed to pay the $402 filing fee in order to proceed with this action.

_____

[1] Plaintiff identifies himself as Teklemariam Hagos in the proposed complaint. The docket identifies Plaintiff as Daniel Teklemariam Hagos, aka Telemariam Daniel Hagos.

I.      **Background**

Plaintiff, who is currently housed at the King County Jail, filed the Motion in this civil rights action on June 5, 2023. Dkt. 1. In the proposed complaint, Plaintiff alleges the King County Department of Public Defense has violated his due process rights. Dkt. 1-1. He also alleges the King County Prosecutor's Office has violated his *Brady* rights. *Id*. And, finally, he alleges the King County District Court violated the Administrative Procedures Act. *Id*.

The Court notes that Plaintiff's proposed complaint is deficient in various respects, but the Court need not address the specific deficiencies unless and until Plaintiff satisfies the filing fee requirement.

II.     **Discussion**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

While incarcerated, Plaintiff has filed at least three actions that were frivolous, malicious, or failed to state a claim. *See Hagos v. Goodwill*, Case No. 2:22-cv-1436-RSL (W.D. Wash. March 8, 2023) (dismissed for failure to state a claim); *Hagos v. St. Laurent*, Case No. 2:22-cv-1638-TSZ (W.D. Wash. March 14, 2023) (dismissed for failure to state a claim); *Hagos v. Kahsay*, Case No. 2:23-cv-251-JLR (W.D. Wash. April 21, 2023) (dismissed for failure to state a claim); *Hagos v. Parisky*, 2:23-cv-616-TL (W.D. Wash. May 22, 2023) (dismissal constitutes a strike because the case is duplicative and fails to state a claim); *Hagos v. Smith*, 2:23-cv-528-RJB (W.D. Wash. May 31, 2023) (dismissed for failure to state a claim); *Hagos v. Goodman*, 2:23-cv-433-RSL (W.D. Wash. June 5, 2023) (dismissed for failure to state a claim). Therefore, Plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger of serious physical injury.[2]

---

[2] The Court finds Plaintiff has filed several other lawsuits while incarcerated. As the Court found Plaintiff has incurred at least six strikes, five of which occurred before he filed his lawsuit, the Court declines to review all lawsuits filed by Plaintiff while he was incarcerated to determine if he has incurred more strikes.

1    The three-strikes rule does not apply if "the prisoner is under imminent danger of serious

2    physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based

3    on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The

4    imminent danger exception requires a prisoner allege a danger which is "ready to take place" or

5    "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth

6    Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to

7    interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th

8    Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the

9    threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526,

10   531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

11   Plaintiff makes a conclusory assertion on the first page of his complaint that he is "Being

12   Attacked." Dkt. 1-1. Plaintiff also suggests that he is being attacked by terrorists. *See id*. at 5.

13   Plaintiff fails, however, to allege any clear and specific facts demonstrating that he is in

14   imminent danger of serious physical injury, and the facts alleged by Plaintiff do not suggest that

15   any such danger existed at the time he filed this case. Rather, Plaintiff appears to be complaining

16   of Defendants' actions or inactions related to his on-going criminal matters. *See* Dkt. 1-1.

17   Moreover, based on the allegations in the Complaint, it does not appear Plaintiff could

18   proceed with this lawsuit. Plaintiff has not named a proper defendant under § 1983. For example,

19   his defense attorneys are not state actors capable of being sued under § 1983 and the prosecutor

20   is entitled to prosecutorial immunity. It is clear, however, that Plaintiff does not allege danger of

21   any physical injury, much less an imminent serious physical danger which is "ready to take

22   place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the

23

24

1  imminent danger exception does not apply in this case, and Plaintiff is subject to the three-strikes

2  rule.

3  **III.    Conclusion**

4          For the above stated reasons, the Court finds Plaintiff has incurred at least three strikes

5  under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore,

6  the Court recommends Plaintiff's Motion to Proceed IFP (Dkt. 1) be denied. The Court further

7  recommends Plaintiff be ordered to pay the $402 filing fee within thirty (30) days of the date on

8  which this Report and Recommendation is adopted if he wishes to proceed with this lawsuit. If

9  Plaintiff does not pay the filing fee, the Court recommends the action be terminated.

10         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

12  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

14  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July

17  7, 2023, as noted in the caption.

18         Dated this 16th day of June, 2023.

19

20                                              David W. Christel
21                                              Chief United States Magistrate Judge

22

23

24